**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WENDY KEW AND YVONNE KEW, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-2824 |
| | § | |
| BANK OF AMERICA, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiffs, Wendy and Yvonne Kew, sued to stop the mortgage holder, Bank of America, from foreclosing on their home.  The state court issued a temporary restraining order enjoining the foreclosure sale.  The defendants timely removed to federal court and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry No. 10).  The court granted the motion with leave to amend some of the claims.  (Docket Entry No. 23).  The Kews filed an amended complaint.  The defendants again moved to dismiss under Rule 12(b)(6) for failure to state a claim, (Docket Entry No. 27), and moved for summary judgment, (Docket Entry No. 30).  The Kews have not responded to either motion.

Based on the pleadings, the motions, the record, and the relevant law, the motion for summary judgment is granted and the motion to dismiss for failure to state a claim is moot.  Final judgment is entered by separate order.  The reasons for these rulings are explained below.

**I.     Background**

The Kews owned a home in Harris County, Texas.  When they purchased the home, they obtained a mortgage loan, signed a $600,000 promissory note, and signed a deed of trust granting

a security interest in the property to the Bank of America.  U.S. Bank is now the mortgage holder and Bank of America is the mortgage servicer.

In June 2011, the Kews received a letter and a foreclosure notice from ReconTrust, the company Bank of America had appointed to act as substitute trustee and to sell the home at a foreclosure sale.  The letter stated that the Kews had defaulted on their mortgage loan; the Kews had failed to cure the default after U.S. Bank sent them notice; U.S. Bank had accelerated the mortgage debt; and the amount due was $699,091.29.  The foreclosure notice stated that the substitute trustee would sell the home on July 5, 2011 at a public auction.

On July 1, 2011, the Kews sued in state court to enjoin the scheduled foreclosure sale.  After the state court issued a temporary restraining order, the defendants removed to federal court and moved to dismiss under Rule 12(b)(6) for failure to state a claim.  The Kews opposed the motion to dismiss and moved to remand.  The court denied the Kews' motion to remand and dismissed with prejudice their claims for breach of the duty of good faith and fair dealing and violation of the Texas Property Code.  The court also dismissed, but without prejudice and with leave to amend, the Kews' breach of contract, fraud, and negligent misrepresentation claims.  The Kews filed an amended complaint alleging fraud and intentional and negligent misrepresentation, promissory estoppel, breach of contract, and HAMP program violations.  The defendants again moved to dismiss under Rule 12(b)(6) for failure to state a claim.  (Docket Entry No. 27).  The defendants also moved for summary judgment.  (Docket Entry No. 30).  The Kews have not responded to either motion.

II.     **Analysis**

A.     **The Legal Standard for Summary Judgment**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).  If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated

assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B.    The Fraud and Intentional and Negligent Misrepresentation Claims

The Kews allege that an unnamed Bank of America employee told them that they needed to stop making loan payments to qualify for a loan modification. They allege that after they submitted the loan-modification application, a Bank of America employee told them that their application was approved and that the Bank would send the documents necessary to finalize the modification agreement. Instead, the Kews received a foreclosure-sale notice. The Kews assert that these actions give rise to intentional and negligent misrepresentation claims. (Docket Entry No. 26, ¶ 10). The defendants move for summary judgment on the basis that the Kews have provided no evidence in support of their claims and that the Kews' failure to respond to the defendants' request for admissions is fatal. (Docket Entry No. 30, at 8–12).

Federal Rule of Civil Procedure 36 governs requests for admissions. Under Rule 36(a), "matters included in requests for admissions are deemed admitted if no written answer or objection is timely served on the requesting party." *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004). The Kews have not responded or objected to the defendants' requests for admission. (Docket Entry No. 30, Ex. A-2). The requests for admission are deemed admitted.

The elements of an intentional or fraudulent misrepresentation claim under Texas law are "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). "Fraud" and "intentional misrepresentation" are the same cause of action. *See Netrana, L.L. C. v. TXU Business Servs. Co.*, 2009 WL 3766575, at *4 (Tex. App.—Corpus Christi Nov. 12, 2009, no pet.) ("A claim of intentional misrepresentation has the same elements as a fraud claim." (citing *Smith v. Tilton*, 3 S.W.3d 77, 82 n. 3 (Tex. App.—Dallas 1999, no pet.)). The Kews have not identified or submitted any evidence that Bank of America made a material misrepresentation to them or that, if there was a misrepresentation, Bank of America made it recklessly or with knowledge that it was false. By failing to respond to the defendants' requests, the Kews have also admitted that the Bank "has not made any misrepresentations to you." (Docket Entry No. 30, A-2, ¶ 53). The defendants' summary judgment motion on the Kews' fraud and intentional misrepresentation claims is granted.

The Kews also claim negligent misrepresentation based on the same allegations. The elements of a negligent misrepresentation claim are: "(1) a defendant, in the course of its business or in a transaction in which it had a pecuniary interest, made a representation; (2) the defendant supplied false information for the guidance of another in the other's business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Martin K. Eby Constr. Co. v. LAN/STV*, 350 S.W.3d 675, 688 (Tex. App.—Dallas 2011, pet. filed). Again, the Kews have not identified or submitted evidence that Bank of America made a misrepresentation .

5

The deemed admissions establish that the Bank did not make a material misrepresentation. (Docket Entry No. 30, A-2, ¶ 53). The defendants' summary judgment motion on the Kews' negligent misrepresentation claims is granted.

### C.    The Breach of Contract Claim

The Kews allege that they entered into a loan-modification agreement with Bank of America. They allege that "[c]ompletely following . . . Bank of America's directions and terms, [the Kews] tendered performance by submitting the application and all supporting documentation for a loan modification."  (Docket Entry No. 26, ¶ 12).  The Kews allege that Bank of America, "acknowledged the receipt of the completed loan modification agreement, and that it was approved." (*Id*.).  Bank of America breached the loan modification agreement "by failing to close the transaction."  (*Id*.).

The elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages resulting from the breach.  *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544–45 (5th Cir. 2003).  A binding contract requires: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding.  *In re Capco Energy, Inc.*, 669 F.3d 274, 279–80 (5th Cir. 2012).

The defendants move for summary judgment on the basis of the statute of frauds, because the only contract the Kews allege that the Bank breached was an oral modification of the Kews' original loan agreement.  Under Texas law, "[a] loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b).

"Loan agreement" means any promise, agreement, or undertaking "pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money . . . or to otherwise extend credit or make a financial accommodation." *Id*. § 26.02(a)(2). The alleged loan-modification agreement involves more than $50,000 and is a "loan agreement" under § 26.02(a)(2). To be enforceable, the alleged loan-modification agreement "must either be in writing and signed by [Bank of America], or an exception to the statute of frauds must apply." *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.); *see also Ellen v. F.H. Partners, LLC*, 2010 WL 4909973, at *5 (Tex. App.—Austin Dec.1, 2010, no pet.) (holding that a loan officer's promise not to foreclose on the plaintiffs' property until January 2009 to allow the plaintiffs time to refinance or sell their home was unenforceable because the promise was "an oral modification of a loan agreement that was subject to the statute of frauds"). The Kews have not identified or submitted evidence showing that they entered into a written loan-modification agreement with Bank of America. They are also deemed to have admitted that the Bank "did not agree to modify any of the terms and conditions of the Loan." (Docket Entry No. 30-3, ¶ 47). Summary judgment is granted as to the Kews' breach of contract claim.

### D.    The Promissory Estoppel Claim

In the alternative, the Kews assert promissory estoppel. They allege that the "[d]efendants represented to [them] that the loan modification application was received and that it was approved, subject to execution of the documents, the final step in the process." (Docket Entry No. 26, ¶ 12). The Kews allege that their "reliance on this false statement was foreseeable." (*Id*.). The defendants move for summary judgment, arguing that the Kews have not identified or submitted evidence that the defendants agreed to modify the loan. The defendants note that the deemed admissions establish that the defendants did not represent to the Kews that Bank of America would modify the loan. The

7

defendants also argue that the Kews' claims promissory estoppel claim is barred by the statute of frauds.  (*Id.*, ¶¶ 14–17).

"The elements of a promissory-estoppel claim are (1) a promise; (2) foreseeability of reliance by the promisor; (3) actual, substantial, and reasonable reliance by the promisee to its detriment; and (4) injustice that can be avoided only by enforcement of the promise."  *Ellen*, 2010 WL 4909973, at *4 (citing *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 133 (Tex. 2005)).  "In addition, when promissory estoppel is used to enforce a promise that would be unenforceable because of the statute of frauds, the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds."  *Id.* (citing *Nagle v. Nagle*, 633 S.W.2d 798, 800 (Tex. 1982)).  The deemed admissions establish that the Bank "did not agree to modify any of the terms and conditions of the Loan."  (Docket Entry No. 30-3, ¶ 47).

Additionally, the statute of frauds bars the Kews' promissory estoppel claim.  The Kews' allegation that they were told that their loan application was approved "subject to execution of the documents" pleads the promissory estoppel exception to the statute of frauds, but the Kews have failed to identify or submit competent summary judgment evidence supporting that allegation. Summary judgment is granted on the Kews' promissory estoppel claim.

### E.      The HAMP Claim

The Kews allege that the defendants violated their rights under the federal Home Affordable Modification Program (HAMP).  Specifically, the Kews allege that Bank of America "has signed on to the program to provide loan modification to qualified applicants" and that the Kews "are qualified under the program and is [sic] entitled to have their loan modified."  (Docket Entry No. 26, ¶ 13).  The defendants move for summary judgment on the basis that the Kews have no claim under HAMP and have not proved that they were eligible for a loan modification.

8

The law is clear that there is no private cause of action under HAMP.  *See, e.g.*, *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n. 4 (7th Cir. 2012) ("Courts have uniformly rejected these claims because HAMP does not create a private federal right of action for borrowers against servicers."); *see also Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012); *Denley v. Vericrest Fin., Inc.*, 2012 WL 2368325, at *2 (S.D. Tex. June 21, 2012) (citing cases); *Thomas v. U.S. Bank Nat'l Ass'n*, 2012 WL 2367082, at *8 (D.N.J. 2012) (citing cases).  The Kews have also failed to identify or provide any evidence that they were eligible under HAMP for a loan modification.  The defendants are entitled to summary judgment on the Kews' HAMP claim.

## IV.  Conclusion

The defendants' motion for summary judgment, (Docket Entry No. 30), is granted.  The defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim, (Docket Entry No. 27), is moot.  Final judgment is entered by separate order.

SIGNED on November 16, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge