# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WENDY KEW AND YVONNE KEW, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-2824 |
| | § | |
| BANK OF AMERICA, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

The plaintiffs, Wendy and Yvonne Kew, sued to stop Bank of America, N.A., U.S. Bank, N.A., ReconTrust Company, N.A., and three ReconTrust employees from foreclosing on their home. The state court issued a temporary restraining order enjoining the foreclosure sale. The defendants timely removed to federal court and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 10). The court granted the motion with leave to amend some of the claims. (Docket Entry No. 23). The Kews filed an amended complaint. The defendants again moved to dismiss under Rule 12(b)(6) for failure to state a claim, (Docket Entry No. 27), and moved for summary judgment, (Docket Entry No. 30). The Kews did not respond to either motion. This court granted summary judgment, found the motion to dismiss for failure to state a claim to be moot, and entered final judgment. (Docket Entry No. 33). The Kews have now moved for a new trial and to dismiss their suit, without prejudice, or alternatively to have the case remanded to state court. (Docket Entry No. 35). Bank of America has responded. (Docket Entry No. 36).

When the Kews purchased the home, they obtained a mortgage loan, signed a $600,000 promissory note, and signed a deed of trust granting a security interest in the property to Bank of

America. When the Kews filed suit and when this court received the dispositive motions, U.S. Bank was the mortgage holder and Bank of America, successor by merger to U.S. Bank, N.A., was the mortgage servicer. This court ruled on those motions on November 16, 2012, granting summary judgment for the defendants and entering final judgment. In moving for a new trial and to dismiss, the Kews attach a letter from Specialized Loan Servicing, LLC, stating that it became the loan servicer, via transfer from Bank of America, effective November 1, 2012. The Kews argue that this deprived the "defendants" of standing to move for summary judgment (although the motion was filed long before November 1, 2012), and deprived this court of subject matter jurisdiction because the defendants had no financial stake in the case as of November 1, 2012. (Docket Entry No. 35).

The Federal Rules of Civil Procedure do not specifically provide for motions for new trial when, as here, no trial has occurred. Nor do the rules provide for a motion for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Motions asking a court to reconsider a judgment or order are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Steadfast Ins. Co. v. SMX 98, Inc.*, 2009 WL 3190452, at *4–5 (S.D. Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009). The Kews' motion is appropriately considered under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

A court should consider evidence not in the summary judgment record only under "extraordinary circumstances." *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006). When evaluating a motion to reconsider in light of evidence not in the summary judgment record, a court may consider "(1) the reasons for the moving party's default, (2) the importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Id.* at 848

(quoting *Templet*, 367 F.3d at 482 (Dennis, J., dissenting)); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990) (setting forth the nonexclusive factors), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).  "An unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."  *ICEE Distribs.*, 445 F.3d at 847 (quoting *Templet*, 367 F.3d at 479).

Even assuming that the change in loan servicer is properly considered, the effect would be limited to finding that the Kews' claims against Bank of America are moot.  The Kews have not given any reason to believe that their claims against the other defendants are also moot.  The servicer change does not provide a basis for denying summary judgment against the remaining defendants or for concluding that the court lacked subject-matter jurisdiction over the Kews' claims against those defendants when it granted summary judgement.  The Kews do not provide any other basis to dismiss the case or to remand it to state court.

The motion for new trial or to dismiss is denied.

SIGNED on December 17, 2012, at Houston, Texas.

_____
                Lee H. Rosenthal
           United States District Judge